IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DONNA BUTTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13cv1026 (JCC/IDD) |
| ) | |
| WELTMAN, WEINBERG & REIS ) | |
| Co., LPA, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Weltman, Weinberg & Reis's ("Defendant") Motion to Dismiss ("Motion"). [Dkt. 7.]  For the following reasons, the Court will deny Defendant's Motion.

## I.  Background

The pertinent factual allegations in this case are as follows.[1]  In August 2007, Plaintiff Donna Butts ("Plaintiff") opened a personal line of credit with Beneficial Floria, Inc. ("BFI").  (Compl. [Dkt. 1] ¶ 13.)  Plaintiff withdrew $5,000 from this line of credit and paid off her entire balance by June 2010.  (Compl. ¶¶ 14-15.)  Nevertheless, her account was

---

[1] In considering a motion to dismiss for failure to state a claim, as is the case here, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  Accordingly, the following facts, taken from Plaintiff's Complaint, are accepted as true for purposes of this motion. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

1

transferred to a collection agency known as Atlantic Credit and Finance, Inc. ("Atlantic Credit"). (Compl. ¶¶ 13, 16.) Atlantic credit, in turn, hired Defendant to pursue collection efforts against Plaintiff. (Compl. ¶¶ 13, 16.)

Defendant subsequently contacted Plaintiff and demanded additional payment on the account. (Compl. ¶¶ 16-19.) Defendant "refused to hear Plaintiff's dispute that she did not in fact borrow more than $5,000, and had paid that." (Compl. ¶ 16.) In light of Defendant's threats to take further action, Plaintiff forfeited an additional $2,691.03. (Compl. ¶ 18.) Defendant continued its collection efforts despite Plaintiff's overpayment. (Compl. ¶ 19.)

On August 20, 2013, Plaintiff filed this action seeking recovery of her overpayment and damages. Plaintiff's Complaint raises two claims: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; and (2) unjust enrichment. (Compl. ¶¶ 20-14.) Concerning her unjust enrichment claim, Plaintiff alleges that "Defendant's demand and consequent receipt of the overpayment . . . constitutes unjust enrichment to Defendant." (Compl. ¶ 24.)

Defendant has moved to dismiss Plaintiff's unjust enrichment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss [Dkt. 7] at 1.) Defendant argues that because "the underlying facts involve an enforceable

2

contract between Plaintiff and Defendant's client, any claims for unjust enrichment are misplaced." (Def.'s Mem. Supp. Mot. to Dismiss ("Def.'s Mem.") [Dkt. 8] at 1.) In rebuttal, Plaintiff argues that this claim is "properly supported" and "Virginia law does not prohibit a claim for unjust enrichment against a debt collector who wrongfully collects funds which are not owed." (Pl.'s Opp'n [Dkt. 10] (as paginated by CM/ECF) at 1-2.) Defendant's Motion is now before the Court.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly,* 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Moreover, the plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege - directly or indirectly - each element of a "viable legal theory." *Twombly,* 550 U.S. at 562-63.

In addition, at the motion to dismiss stage, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal,* 556 U.S. at 678.

### III. Analysis

As a threshold matter, it is worth noting that the parties concur that Virginia law governs this matter. (Def.'s Mem. at 3; Pl.'s Opp'n at 2-3.) Accordingly, the Court applies Virginia law in its discussion below. *See G4I Consulting, Inc. v. Nana Servs., LLC*, No. 1:11cv810 (LMB/TCB), 2012 WL 1677985,

4

at *4 (E.D. Va. May 14, 2012) ("Because the rule of *lex loci delicti,* or the law of the place of the wrong, applies to choice-of-law decisions in tort actions, and the site of the alleged wrong in this instance was the Commonwealth, Virginia law governs the unjust enrichment claim[.]").

At issue here is Plaintiff's claim that Defendant was unjustly enriched at her expense as a result of the overpayments. To recover under this theory, Plaintiff must demonstrate the following three elements: "(1) [she] conferred a benefit on [Defendant]; (2) [Defendant] knew of the benefit and should reasonably have expected to repay [Plaintiff]; and (3) [Defendant] accepted or retained the benefit without paying for its value." *Schmidt v. Household Fin. Corp., II,* 276 Va. 108, 116 (2008). Generally, an action for unjust enrichment lies when one has money of another that he has no right to retain. *See Robertson v. Robertson,* 137 Va. 378 (1923).

Under Virginia law, unjust enrichment is an implied contract action based on the principles of equity. *See Kern v. Freed Co., Inc.,* 224 Va. 678, 680-81 (1983); *Primrose Dev. Corp. v. Benchmark Acquisition Fund I, Ltd. P'ship,* No. 19161, 1998 WL 957312, at *2-3 (Va. Cir. Ct. Oct. 29, 1998); *Singer v. Dungan,* No. 107888, 1992 WL 884986, at *4 (Va. Cir. Ct. Oct. 28, 1992). "To avoid unjust enrichment, equity will effect a contract implied in law, *i.e.,* a quasi-contract, requiring one who

5

accepts and receives the services of another to make reasonable compensation for those services." *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 165 (4th Cir. 2012) (citations and internal quotation marks omitted).[2] "[A] quasi-contract is not a contract at all but rather an equitable remedy thrust upon the recipient of a benefit under conditions where the receipt amounts to unjust enrichment." *Nossen v. Hoy,* 750 F. Supp. 740, 744 (E.D. Va. 1990).

A condition precedent to the assertion of such a claim is that no express contract exists between the parties. *Vollmar v. CSX Transp., Inc.,* 705 F. Supp. 1154, 1176 (E.D. Va. 1989). Logic dictates that "an express contract defining the rights of the parties necessarily precludes the existence of an implied contract of a different nature containing the same subject matter." *S. Biscuit Co., Inc. v. Lloyd*, 174 Va. 299, 311 (1940). "[T]here can be no recovery in *quantum meruit* where a valid express contract between the parties exists. Parties to an express contract are entitled to have their rights and duties adjudicated exclusively by its terms." *Ciliv v. UXB Int'l,*

---

[2] Virginia law recognizes two types of implied contracts: contracts that are implied-in-fact and contracts that are implied-in-law. *See Rosetta Stone,* 676 F.3d at 166. To circumvent the confusion caused by this, the tendency is to substitute the term "quasi contract" in place of the term "contract implied-in-law." *See Maier v. Hendrickx*, LAW NO. 135590, 1995 WL 1055848, at *2 n.2 (Va. Cir. Ct. May 2, 1995). Unjust enrichment is a quasi-contract claim in Virginia. *See The Christian Broad. Network, Inc. v. Busch*, Civil Action No. 2:05cv558, 2006 WL 2850624, at *7 (E.D. Va. Oct. 3, 2006); *Park Eldenwood Assocs. v. Firestone Capital Corp.*, AT LAW NO. 106597, 1991 WL 835327, at *3 (Va. Cir. Ct. Dec. 2, 1991).

6

*Inc.*, Civil Action No. 7:12-cv-290, 2012 WL 5245323, at *2 (W. D. Va. Oct. 22, 2012) (citation and internal quotation marks omitted); *see also U.S. ex rel. Badr v. Triple Canopy, Inc.*, Case No. 1:11-cv-288 (GBL/JFA), 2013 WL 3120204, at *15 (E.D. Va. June 19, 2013) (noting that a claim of unjust enrichment cannot survive when an express contract governs the parties' dispute).

Relying upon this rule, Defendant argues that the valid contract between Plaintiff and BFI precludes her unjust enrichment claim. (Def.'s Mem. at 3 ("The dispute over the amount owed by Plaintiff to Defendant's client, [BFI], is governed by the contract existing between Plaintiff and [BFI]; thus, Plaintiff's supposed overpayments must be resolved through contractual remedies.").) Although Defendant correctly cites to the legal principles set forth above, (Def.'s Mem. at 3-4), they are not squarely applicable in this case. This doctrine plainly bars unjust enrichment claims when both parties to the lawsuit are also parties to the contract; however, the question presented here is whether Virginia law bars an unjust enrichment claim when the plaintiff is a party to the contract but the defendant is not. (Def.'s Mem. at 1.) This issue is less settled. *See Datastaff Tech. Group, Inc. v. Centex Constr. Co.*, 528 F. Supp. 2d 587, 598 (E.D. Va. 2007) ("While some courts have held that this rule applies to bar a suit between A and B

7

where an express contract on the same subject matter exists between A and C, other courts have rejected such an application of this rule." (footnote omitted)).

When a federal court exercises diversity or pendent jurisdiction over state-law claims, as is the case here, "the outcome of the litigation in the federal court should be substantially the same . . . as it would be if tried in a State court." *Guar. Trust Co. of N.Y. v. York,* 326 U.S. 99, 109 (1945). Thus, the court applies state rules when analyzing substantive issues of law. *See Felder v. Casey,* 487 U.S. 131, 151 (1988). To the extent this Court must draw conclusions about matters of Virginia law in evaluating the instant motion, "the [Virginia Supreme Court] is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited or restricted." *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 236 (1940).

The lone decision of the Virginia Supreme Court touching upon this issue is *Nedrich v. Jones*, 245 Va. 465 (1993). In *Nedrich*, the plaintiff, Weber, executed an employment agreement with Dulles, a property management company, wherein Dulles promised to pay Weber a bonus for any tenant that he procured for their properties. 245 Va. at 468-70. After

8

Dulles failed to pay Weber the promised bonus, Weber brought an implied contract claim against Riggs, a bank that had foreclosed on Dulles's property, seeking to recoup the bonus. *Id*. at 469-70. The trial court found this claim frivolous and sanctioned Weber's attorney. *Id*. at 470. At issue on appeal was whether the trial court had properly entered sanctions on the ground that Weber's implied contract claim was not warranted by existing law. *Id*. at 476-77. The Virginia Supreme Court agreed with the trial court, concluding that Weber's implied contract claim was unwarranted because the "law will not impose an implied contractual relationship upon parties in contravention of an express contract. In the present case, Weber's right to receive a bonus was defined by the terms of his express contract with Dulles." *Id*. at 477.

Contrary to Defendant's assertion, *Nedrich* does not stand for the blanket rule that the existence of an express contract between different parties bars all subsequent implied contract claims touching upon the same subject matter. The rule in *Nedrich*, according to its terms, applies only when the resulting implied contract would contravene an express contract. 245 Va. at 477. Subsequent case law supports this interpretation. *See Forest City Commercial Dev., Inc. v. Agere Sys., Inc.*, Civil Action No. 3:08CV328, 2010 WL 2245499, at *8 (E.D. Va. June 1, 2010) (noting that under *Nedrich* an implied

9

contact is permissible provided it does not contravene an express agreement); *Appleton v. Bondurant & Appleton, P.C.,* No. 04-1106, 2005 WL 517491, at *7 (Va. Cir. Ct. Feb. 28, 2005) (holding that a *quantum meruit* claim could be viable when no agreement covered post-departure compensation for work previously performed); *see also Lion Assocs., LLC v. Swiftships Shipbuilders, LLC,* 475 F. App'x 496, 503 (4th Cir. 2012) ("If an express contract exists but does not cover the services rendered, a cause of action for unjust enrichment remains available."); *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 961 F.2d 489, 493 (4th Cir. 1992) (concluding that Virginia law "permits implied contract claims to be brought even though an express contract concerning the same subject matter exists between the claimant and a third party"); 17 CJS Contracts § 7 (2013) ("An implied agreement is precluded only where the express and the asserted implied contract relate to the same subject matter and where the provisions of the express contract would supersede those of the other. An implied agreement may be given effect where it is based on the subsequent conduct of the parties not covered by the express contract." (footnotes omitted)).

Accordingly, resolution of this motion requires determining if the agreement between Plaintiff and BFI contravenes the existing action for Plaintiff to recover monies

paid to a third-party debt collector. In other words, is there an express contractual provision that covers the alleged wrongful conduct. *See Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*, No. 7:11-cv-00025, 2012 WL 1598130, at *5 (W.D. Va. May 4, 2012).

The Court finds Defendant's argument that the contract clearly covers the current dispute unconvincing at the motion to dismiss stage. (Def.'s Mem. at 3.) This issue cannot be decided on the current record because the substance of Plaintiff's contract with BFI is unknown. While it certainly plausible (if not likely) that the contract does in fact contain provisions regarding overpayment, this fact is not before the Court. The merits of this defense requires further litigation, either by summary judgment or trial.

The Court now turns to the Defendant's other contentions, and specifically to the issue of whether the elements of unjust enrichment are sufficiently pled in this case.

Plaintiff alleges that, "Defendant's demands and consequent receipt of the overpayment referenced above constitutes an unjust enrichment to Defendant." (Compl. ¶ 24.) Plaintiff's Complaint states that she paid $2,691.03 to Defendant despite the absence of any valid obligation. (Compl. ¶ 16.) Plaintiff also alleges that Defendant accepted and

11

retained this overpayment knowing that this money was not due.[3] (Compl. ¶¶ 16-24.) Accordingly, the Court finds that Plaintiff's unjust enrichment claim is properly pled and will not be dismissed. *See Schmidt*, 276 Va. at 116.

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion. An appropriate Order will issue.

|  |  |
|---|---|
| November 14, 2013<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

---

[3] Defendant's contention that it did not receive any benefit from Plaintiff because any payments were remitted to Atlantic Credit is unavailing at this stage. *See WRH Mortg., Inc. v. S.A.S. Assocs.*, 214 F.3d 528, 534 (4th Cir. 2000) (noting that recovery in quasi-contract is barred where there is no showing that any benefit accrued to the defendant). Although this defense may ultimately prevail, whether Defendant received any value is a factual issue not addressable here. Plaintiff has alleged that Defendant kept the overpayments, and the Court is bound to accept this factual contention as true. *See Collier v. Land & Sea Rest. Co., LLC*, No. 7:13-cv-00104-JCT, 2013 WL 5274824, at *2 (W.D. Va. Sept. 18, 2013) ("In considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true all of the complaint's factual allegations and take the facts in the light most favorable to the plaintiff." (citation omitted)).